**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CR-19-87-RAW |
| ) | |
| **JACOB QUINLAN NAVARRETTE,** ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR RULING
PURSUANT TO RULE 16 AND RULE 32(i)(3)(B) BEFORE SENTENCING HEARING**

The Defendant Jacob Quinlan Navarrette, by and through his attorney of record, Neil Van Dalsem, hereby moves this Court for a ruling pursuant to Rules 16(e) and 32(i)(3)(B) before a sentencing hearing occurs.  In support of this Motion, Mr. Navarrette states as follows:

1.      In an Indictment filed November 7, 2019, Mr. Navarette was charged for conduct that occurred on or about January to May 2, 2018.  The Indictment charged, pursuant to 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), the possession of certain material involving the sexual exploitation of a minor under the age of twelve

2.      Mr. Navarrette was arraigned on November 13, 2019 and was released after a detention hearing on November 18, 2019.  (Docs. 11, 17).  An Order Setting Conditions of Release was issued.  (Doc. 19).

3.      On December 18, 2019, Mr. Navarrette pleaded guilty to Count 1 and was allowed to stay released on his present bond.  (Doc. 28).

4.      On January 10, 2020, the United States Probation Office filed a Petition for Action on Conditions of Pretrial Release that stated as follows:

> On January 8, 2020, the United States Probation Office performed a home visit on Mr. Navarrette's residence.  Mr. Navarrette was instructed to retrieve his cellular phone from his trailer and bring it to USPO Shores' vehicle.  While walking towards the vehicle, Mr. Navarrette appeared to be attempting to delete data from

> the device. Upon questioning, Mr. Navarrette admitted to deleting images from the device. Further, he also admitted that he routinely downloads the "Kik" and "Telegram" applications to the device and then deletes the applications to circumvent monitoring.

(Doc. 32).

5. On January 15, 2020, Mr. Navarrette was taken back into custody and he remains in custody to this date. (Doc. 35).

6. On March 9, 2020, the United States Probation Office submitted a final Presentence Investigation Report. PSR (Doc. 38). Paragraph 4 of the PSR states that Pretrial services records indicated that Mr. Navarrette had not complied with all conditions of release, and it included a summary almost identical to the language from the Petition quoted above in Paragraph 4.

7. On March 16, 2020, Mr. Navarrette filed a letter with objections to the PSR. Mr. Navarrette responded to Paragraph 4 of the PSR "by adding that he did not possess or view child pornography while on supervised release."

8. On April 6, 2020, defense counsel emailed Sarah McAmis, the Assistant United States Attorney handling this case for the Government. The email said that Mr. Navarrette's phone had been seized at the time that he was taken into custody. Defense counsel asked the Government to provide the contents of the phone if any information was obtained from the phone. Defense counsel also asked the Government to advise if they intended "to address, discuss, or refer to the contents of that phone for sentencing purposes."

9. On April 13, 2020, Ms. McAmis responded by email that the phone and its contents "are still under investigation for a potential new indictment. Preliminary review has revealed the presence of child pornography. For both of those reasons, the contents of the phone will not be produced to you at this time." Ms. McAmis also stated that she intended "to discuss Mr. Navarette's confession" that he had deleted materials from his phone at sentencing.

2

10. In subsequent emails, Ms. McAmis indicated that the Government may contend that illegal images were not stored on the phone but that Mr. Navarrette used the phone to access child porn through Dropbox. However, the Government has not advised whether it actually has access to this pornography. For his part, Mr. Navarrette denies that he used his phone to access child pornography on a Dropbox link. Moreover, the allegation that Mr. Navarrette accessed child pornography on Dropbox seems improbably even disregarding Mr. Navarrette's denial. Mr. Navarrette got charged in this case because he downloaded child pornography to a Dropbox account and Dropbox notified law enforcement authorities. If nothing else, Mr. Navarrette should be aware that Dropbox is not a secure location to store child porn.

11. Mr. Navarrette's sentencing is not currently scheduled. Additionally, undersigned counsel has notified the Probation Office that Mr. Navarrette needs additional time to prepare for a sentencing hearing, and that the Covid-19 hearing is interfering with his ability to prepare for a sentencing hearing.

## **DISCUSSION**

Rule 32 of the Federal Rules of Criminal Procedure addresses sentencing. One of the requirements at sentencing is that the district court:

> must - for any disputed portion of the presentence report or other controverted matter - rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing

Fed. R. Cr. P. 32(i)(3)(B).

Mr. Navarrette does not dispute the actual words of Paragraph 4 of the PSR. Mr. Navarrette deleted materials from his cell phone. He admits that this was a violation of Paragraph (t) of the Order Setting Conditions of Release, which stated in part that "[a]ny attempt to circumvent monitoring and examination may be ground for revocation of bond." (Doc. 19). Mr. Navarrette

suffered the logical consequence of this violation - he was taken back into custody, and he remains in custody while awaiting sentencing.

Defense counsel are preparing a sentencing motion to submit to this Court asking for downward departures and variances from the advisory guidelines sentencing range of 78-97 months' imprisonment. Part of Mr. Navarrette's argument is that he has an unhealthy obsession with **legal** pornography - not child pornography. That unhealthy obsession with legal pornography is what put him into the position he is in, having inadvertently clicked a link to download pornography to a Dropbox account that, instead of containing legal pornography, contained child pornography. As part of supervised release that will be part of his sentence in this case, Mr. Navarrette agrees the Court should impose, and assures the Court he will comply with, the Special Sex Offender Conditions, Special Computer Restriction and Monitoring Conditions, Special Search and Seizure Condition, Special Mental Health Condition, and participation in sex offender treatment programs the Probation Office may select for as long as the Probation Office requires. Mr. Navarrette wants to address his problematic obsession with legal pornography and wants to remain a law-abiding citizen.

Paragraph 4 does not make any accusations regarding child pornography. PSR ¶ 4. Mr. Navarrette submitted his Objections affirmatively denying that he possessed or viewed child pornography while on pretrial release. (Doc. 39).

The Government apparently takes the position that the materials Mr. Navarrette was deleting from his phone went beyond the violation of pretrial release conditions that Mr. Navarrette has confessed to and that is described in Paragraph 4 of the PSR. The Government apparently wants to imply that Mr. Navarrette possessed and viewed child pornography while he was on

4

pretrial release by saying that its "preliminary review has revealed the presence of child pornography," but the Government does not want to actually back up its implication with evidence.

Pursuant to Rule 32(i)(3)(B), this Court should rule that the Government may not argue any additional allegations regarding Mr. Navarrette's conduct outside of the facts stated in Paragraph 4 of the PSR. This ban would include any implication that there was child pornography on Mr. Navarrette's phone. This is the clear intention of Rule 32 - that the PSR generally describes the boundaries of the undisputed facts and extrinsic disputed allegations, beyond those contained in the PSR, do not need to be ruled upon or considered by the court at sentencing.

In the alternative, if this Court rules that the Government reserves the right, for any purpose, to allude to the "preliminary review" of Mr. Navarrette's phone revealing the presence of child pornography, then this Court should order the Government to make full discovery, including allowing Mr. Navarrette to copy the phone data and allowing defense counsel to view the suspect images in the assigned room of the FBI office in Muskogee, as soon as possible. At a minimum, Mr. Navarrette should have available to him all information that is currently available to the Government regarding the Government's allegations well before any sentencing hearing and certainly no later than 20 days before any sentencing hearing. Again, however, Mr. Navarrette states that the better position would be for this Court to rule that the Court will limit its consideration to the plain language of Paragraph 4 of the PSR rather than to any attempts by the Government to enlarge the PSR by references to extrinsic and unproven allegations.

Finally, to the extent the Government makes the phone contents relevant, or reserves the right to do so for any purpose, the contents of the phone should be produced pursuant to Rule 16(e). Mr. Navarrette's phone is, after all, his personal property and appears to have relevance to his defense for sentencing purposes.

Mr. Navarrette also requests that his sentencing be delayed until such time as counsel has an opportunity to obtain and analyze the phone data and otherwise prepare for a sentencing hearing. Mr. Navarrette is in custody at the Pittsburg County Jail, and he has authorized the undersigned counsel to request that his sentencing be delayed to the extent needed to prepare for a sentencing hearing.

**WHEREFORE**, Mr. Navarrette respectfully requests that this Court rule, pursuant to Fed. R. Cr. P. 32(i)(3)(B), that the Court will limit its consideration of Mr. Navarrette's conduct on January 8, 2020 or of the contents of his phone to the plain language of Paragraph 4 of the PSR. In the alternative, Mr. Navarrette respectfully requests that this Court order the Government to promptly turn over all discovery available to the Government regarding any allegations that go beyond Paragraph 4 of the PSR, to be received by the defense as soon as possible and no later than 20 days before any sentencing hearing.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

Julia L. OConnell, Federal Public Defender

By: s/ Neil Van Dalsem
 Neil Van Dalsem, OBA No. 16326
 Assistant Federal Public Defender
 627 W. Broadway
 Muskogee, Oklahoma 74401
 Telephone: (918) 687-2430
Counsel for the Defendant, Jacob Quinlan Navarrette

## CERTIFICATE OF SERVICE

I certify that on the 20th day of April 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Sarah McAmis - Assistant United States Attorney

s/ Neil Van Dalsem