IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. JACOB QUINLAN NAVARRETTE, *Defendant.* | Case No.: CR-19-87-RAW |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR RULING PURSUANT TO RULE 16 AND RULE 32(i)(3)(B)
BEFORE SENTENCING HEARING**

COMES NOW the United States of America, by and through Brian J. Kuester, United States Attorney, and Sarah McAmis, Assistant United States Attorney, and respectfully submits its Response to Defendant's Motion for Ruling Pursuant to Rule 16 and Rule 32(i)(3)(B) before Sentencing Hearing. In support of its Response, the Government states as follows:

On November 7, 2019, the Defendant was charged by way of Indictment with one count of Possession of Certain Material Involving the Sexual Exploitation of Minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) & 2252(b)(2). (Doc. 3). The Defendant made his initial appearance and was arraigned on November 13, 2019. (Doc. 11). After a Detention Hearing on November 18, 2019, the Defendant was released on bond with Conditions of Release. (Docs. 17-19). On December 18, 2019, the Defendant entered a plea of guilty. (Doc. 28). On January 10, 2020, an arrest warrant was issued for the Defendant for his failure to comply with the conditions of his release. (Doc. 38, ¶ 4).

On February 21, 2020, a Draft Presentence investigation Report was issued. (Doc. 36). Objections to the Draft PSR were due by March 6, 2020, and neither the Government nor the Defense objected. (Doc. 37). The Final PSR was issued March 9, 2020. (Doc 38). Subsequently,

1

on March 16, 2020, the Defendant entered Objections to the PSR. (Doc. 39). The Government filed its Response on March 24, 2020. (Doc. 41). The Revised Final PSR was issued on April 7, 2020. (Doc. 43).

Paragraph 4 of the Revised Final PSR informs the Court:

> Pretrial Services records indicate the defendant has not complied with all court ordered conditions of release. Specifically, on January 10, 2020, U.S. Magistrate Judge Steven P. Shreder issued an arrest warrant for a bond violation because Navarrette admitted to deleting images from his device. He also admitted to downloading the "Kik" and "Telegram" application to the device and deleting the application to circumvent monitoring. The U.S. Marshals Service arrested him on January 15, 2020. He remains in custody, pending sentencing. (Doc. 43, ¶ 4).

On April 6, 2020, Defense Counsel sent an e-mail to the Government stating:

> As you know, Jacob Navarrette was taken into custody by the Probation Office based on allegations that he was deleting materials from his phone during a check by the supervising probation officer. I understand that his phone was taken into custody. Please provide the contents of the phone, if any information was obtained from the phone. Also, please advise whether or not the Government intends to address, discuss, or refer to the contents of that phone for sentencing purposes.

The Government only intended to rely on the information contained in the Revised Final PSR at the Sentencing Hearing and did not intend to rely on any new or additional evidence. As such, the Government responded to the Defense e-mail as follows:

> The phone and its contents are still under investigation for a potential new indictment. Preliminary review has revealed the presence of child pornography. For both of those reasons, the contents of the phone will not be produced to you at this time.
> As for the terms of Navarrette's pre-trial release, your client confessed to violating the terms when he confessed to deleting material off of his phone. The Government does intend to discuss Navarrette's confession.
>
> Please let me know if you have any additional questions.

Several follow-up emails between the parties followed; however, there was never a question raised by the Defense seeking clarification of what evidence the Government intended to use at the Sentencing Hearing. On April 20, 2020, the Defendant then filed his Motion for Ruling Pursuant to Rule 16 and Rule 32(i)(3)(B) before Sentencing Hearing.  (Doc. 44).

In his Motion, the Defendant informed the Court:

> Mr. Navarrette does not dispute the actual words of Paragraph 4 of the PSR. Mr. Navarrette deleted materials from his cell phone. He admits that this was a violation of Paragraph (t) of the Order Setting Conditions of Release, which stated in part that "[a]ny attempt to circumvent monitoring and examination may be ground for revocation of bond." (Doc. 19)… Paragraph 4 does not make any accusations regarding child pornography. PSR ¶ 4.

As such, it is clear that the Government and the Defense are in agreement.  The Defense only wants the Government to argue what is contained in Paragraph 4 and the Government agreed to only argue what is contained in Paragraph 4. Therefore, the pending Motion is unnecessary.

As set forth above, the Government advised the Defense that the details of the Defendant's bond violation are still under investigation. If the results of the investigation determine the Defendant did not access child pornography while under supervision of the Probation Office, then the Government will only argue the facts of the violation as set forth in Paragraph 4.  However, if the results of the new investigation determine that the Defendant accessed child pornography while on supervision, then the Government must provide this information to the Defendant and the Court. Evidence of the possession of child pornography while under supervision, is the type of information relevant to the sentencing factors the Court must consider under 18 U.S.C. 3553(a). *See* Fed. R. Cr. P 32(2)(G).

In his Motion, the Defendant also advises the Court that he needs more time to prepare for Sentencing as a result of the Covid-19 pandemic.  The Government recognizes the difficulties imposed on all parties as a result of the pandemic and has no objection to the Defendant's request

3

for additional time.  The Government further submits that additional time will allow the pending investigation into the release violation to proceed.  At such time as the investigation reaches a stage wherein the Government can provide a definitive answer to the Defense, and the Probation Office, the Government will immediately do so.

## CONCLUSION

WHEREFORE, the Government submits this Response to the Defendant's Motion for Ruling Pursuant to Rule 16 and Rule 32(i)(3)(B) before Sentencing Hearing, submits that the parties are in agreement with Paragraph 4 of the Revised Final PSR, and informs the Court that the Government will immediately inform the parties when investigative results into the new violation are reached.

Respectfully submitted,

BRIAN J. KUESTER
United States Attorney

s/   Sarah McAmis
SARAH McAMIS, OBA # 15903
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
(918) 684-5100
(918) 684-5150
sarah.mcamis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, I sent a copy of this Response by electronic mail to Neil Van Dalsem, the Attorney for the Defendant Jacob Navarrette.

s/   Sarah McAmis
Assistant United States Attorney

4